UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES LEWIS BOBO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FRESNO COUNTY DEPENDENCY<br>COURT AND TRUST FUND,<br><br>　　　　Defendant. | No. 2:19-cv-00759-JAM-AC<br><br><br>ORDER |

Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. See 28 U.S.C. § 1915(a)(1). ECF No. 2. The motion to proceed IFP will therefore be GRANTED.

## I. SCREENING

The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

1

The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

////

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

A. The Complaint

Plaintiff has filed a two-page complaint naming the Fresno County Dependency Court and Trust Fund ("Dependency Court") as the sole defendant. ECF No. 1 at 1. He provides a California address for himself and asserts that the basis for this court's jurisdiction is "Katrinas Bobo remain longterm fostercare." Id. Plaintiff's minimal allegations are difficult to follow, but he seems to be contesting a placement decision by the Fresno Department of Children and Family Services and/or the Dependency Court regarding his daughter, who was born in 1990. Id. He states that he filed a request to change a court order by the Dependency Court discussing his daughter's permanent placement in long-term foster care, and that the Dependency Court "had a trust fund" in his daughter's name. Id. Plaintiff requests that he be given custody of his daughter, ownership of the trust fund, and $1 billion in damages. Id. at 2.

Plaintiff filed an almost identical complaint in this court several years ago. After being granted leave to amend in that case, the action was dismissed without prejudice for failure to prosecute in November 2017. See Bobo v. Fresno Cty. Dependency Court & Tr. Fund, No. 2:16-CV-02339-TLN-DB, 2017 WL 3530970 (E.D. Cal. Aug. 17, 2017).

B. Analysis

The complaint does not comply with Federal Rules 8(a)(1) or 8(a)(2) because it does not contain a "short and plain" statement setting forth (1) the basis for federal jurisdiction, or (2) plaintiff's entitlement to relief.

*1. The complaint does not establish this court's jurisdiction*

Jurisdiction is a threshold inquiry that must precede the adjudication of any case before

3

the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136–37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)). Without jurisdiction, the district court cannot decide the merits of a case or order any relief and must dismiss the case. See Morongo, 858 F.2d at 1380.

Federal jurisdiction may be established in one of two ways. First, jurisdiction may be established by a showing that the plaintiff and defendant are diverse (from different sates) and that the amount in controversy is over $75,000. 28 U.S.C. § 1332. Plaintiff does not assert this basis of jurisdiction, nor does it seem he could establish it because both he and defendant are from California. ECF No. 1 at 1. Second, what is known as "federal question" jurisdiction may be established by bringing a claim based on federal law, including the U.S. Constitution. 28 U.S.C. § 1331. Plaintiff has neither identified any federal law that he believes defendant's conduct has violated nor has he identified any federal law that confers jurisdiction on this court over his case.

*2. The complaint does not contain a short and plain statement of the claim*

Rule 8(a)(2) requires that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" Twombly, 550 U.S. at 554, 562-63 (internal quotation marks and citation omitted). Plaintiff identifies no legal claim against defendant at all – he does not state that defendant violated any particular law or legal right of his.

Without this information, and without a valid basis for this court's jurisdiction, the complaint cannot be served. Rather than recommending dismissal of the action, the undersigned will provide plaintiff an opportunity to amend his complaint to allege a legal cause of action and facts supporting such legal cause or causes of action.

////

## II. AMENDING THE COMPLAINT

If plaintiff chooses to amend the complaint, the amended complaint must allege facts establishing the existence of federal jurisdiction. In addition, it must contain a short and plain statement of plaintiff's claims. The allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Rule 10(b). As noted above, forms are available to help plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4 200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

The amended complaint must not force the court and the defendants to guess at what is being alleged against whom. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of a complaint where the district court was "literally guessing as to what facts support the legal claims being asserted against certain defendants"). The amended complaint must not require the court to spend its time "preparing the 'short and plain statement' which Rule 8 obligated plaintiffs to submit." Id. at 1180. The amended complaint must not require the court and defendants to prepare lengthy outlines "to determine who is being sued for what." Id. at 1179.

Also, the amended complaint must not refer to a prior pleading in order to make plaintiff's amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220. This is because, as a general rule, an amended complaint supersedes the original complaint. See Pacific Bell Tel. Co. v. Linkline Communications, Inc., 555 U.S. 438, 456 n.4 (2009) ("[n]ormally, an amended complaint

5

supersedes the original complaint") (citing 6 C. Wright & A. Miller, Federal Practice & Procedure § 1476, pp. 556 57 (2d ed. 1990)). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to file an amended complaint, the complaint should indicate the following information (also requested by this court in plaintiff's prior case), if he knows it: (i) whether his daughter has a disability or some other reason that requires someone to have custody of or guardianship over her, (ii) if she does, who currently has custody of or guardianship over his daughter, (iii) whether her custodian or guardian has control or custody over her trust fund or account, (iv) where his daughter is staying, (v) who operates that location, (vi) whether there is an active case or proceeding in the Fresno County Dependency Court relating to his daughter's custody or guardianship over her, (vii) if there is, the status of the case, and (viii) if there is not, the outcome of the case, including any appeals.

### III. PRO SE PLAINTIFF'S SUMMARY

It is not clear that this case can proceed in federal court. The court cannot tell from your complaint what legal harm was done to you. Because the complaint as written does not clearly state any legal claim or facts to support any legal claim, it will not be served on defendant. Your lawsuit cannot proceed unless you fix the problems with your complaint.

You are being given 30 days to submit an amended complaint that provides a proper basis for federal jurisdiction. If you submit an amended complaint, it needs to explain in simple terms what laws or legal rights of yours were violated; by whom, how, and when; and how those violations impacted you. Without this information, the court cannot tell what legal claims you are trying to bring against the defendant. If you do not submit an amended complaint by the deadline, the undersigned will recommend that the case be dismissed.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED;

////

2. Plaintiff shall have 30 days from the date of entry of this order to file an amended complaint which complies with the instructions given above. If plaintiff fails to timely comply with this order, the undersigned may recommend that this action be dismissed.

DATED: June 17, 2019

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE